UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ALLEN HOWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:15-cv-0879 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1] Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In January of 2012, plaintiff filed applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 8 & 11.)

("SSI") under Title XVI of the Act alleging disability beginning on July 30, 2007. (Transcript ("Tr.") at 21, 199-209.) Plaintiff's applications were denied initially, (id. at 135-42), and upon reconsideration. (Id. at 144-48.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on July 30, 2013. (Id. at 36-78.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 36-37.) In a decision issued on September 4, 2013, the ALJ found that plaintiff was not disabled. (Id. at 30.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2010.
>
> 2. The claimant has not engaged in substantial gainful activity since July 30, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: seizures and a mood disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple, repetitive tasks, with no public contact, cannot climb ladders, ropes and/or scaffolds, cannot work at heights or around dangerous machinery and can frequently climb ramps and/or stairs and crouch.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on November 14, 1982 and was 24 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-

>    41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
>    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a).
>
>    11. The claimant has not been under a disability, as defined in the Social Security Act, from July 30, 2007, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 23-29.)

On February 23, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's September 4, 2013 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on April 23, 2015. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

>    Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 14) at 4-11.[2]) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion of Dr. T. Renfro, Psy.D. (Pl.'s MSJ (ECF No. 14) at 5-11.) In this regard, on April 14, 2012, Dr. Renfro examined plaintiff and completed a Comprehensive Mental Status Evaluation. (Tr. at 401-05.) The ALJ's decision recounted Dr. Renfro's opinion, stating:

> Consultative psychologist, T. Renfro, Psy.D. opined that the claimant could understand, remember and carry out simple one or two-step instructions, could maintain persistence and pace, could perform work activities without supervision, could maintain attendance and safety, had moderate limitations in his ability to interact with coworkers and the public and had moderate limitations in his ability to perform work activities on a consistent basis. Dr. Renfro's opinion is persuasive because it is based upon a psychological examination and it is consistent with the records as a whole. Thus, Dr. Renfro's opinion is given considerable weight.

(Id. at 26.)

However, despite purporting to assign Dr. Renfro's opinion "considerable weight," the ALJ's residual functional capacity ("RFC") determination does not account for Dr. Renfro's finding that plaintiff had moderate limitations in his ability to interact with coworkers. A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id.

"The ALJ must consider all medical opinion evidence." Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008). Here, the ALJ failed to offer specific and legitimate reasons supported by substantial evidence in the record for rejecting Dr. Renfro's opinion that plaintiff

1  had moderate limitations in his ability to interact with coworkers. Such a failure constitutes legal
2  error. See Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996) (finding legal error where ALJ
3  ignored medical evidence of claimant's impairments without explanation); Cotton v. Bowen, 799
4  F.2d 1403, 1408-09 (9th Cir. 1986) (finding legal error where ALJ's findings ignored medical
5  evidence without giving specific, legitimate reasons for doing so), *superseded by statute on*
6  *another point as stated in* Bunnell v. Sullivan, 912 F.2d 1149 (9th Cir. 1990).

7  Defendant refers to evidence in the record in an attempt to argue that the ALJ did not err,
8  specifically citing to plaintiff's statements, treatment records, and the opinions of other
9  physicians. (Defs.' MSJ (ECF No. 15) at 5-8.) The reasons given by the defendant, however,
10 were not asserted by the ALJ in addressing Dr. Renfro's opinion. In this regard, the court may
11 not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See
12 Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons
13 the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th
14 Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's
15 decision based on the reasoning and factual findings offered by the ALJ—not post hoc
16 rationalizations that attempt to intuit what the adjudicator may have been thinking."); Stout v.
17 Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision
18 denying benefits on a ground not invoked by the Commissioner).

19 Defendant also argues that the ALJ's error was harmless. (Defs.' MSJ (ECF No. 15) at
20 11.) The ALJ's decision, however, relied on the testimony of a Vocational Expert ("VE"). (Tr. at
21 29.) The ALJ's question to the VE that ultimately served as the basis for the ALJ's determination
22 did not account for Dr. Renfro's finding that plaintiff had moderate limitations in his ability to
23 interact with coworkers.[3] (Id. at 77.)

24 While an ALJ may pose a range of hypothetical questions to a VE based on alternate
25 interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the

---

[3] Moreover, when asked an alternative hypothetical that asked the VE to assume an individual who was "unable to interact appropriately with co-workers or supervisors," the VE testified that such an individual could not perform any jobs. (Tr. at 78-79.)

ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009). "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings.").

Accordingly, plaintiff is entitled to summary judgment on his claim that the ALJ's treatment of the medical opinion of Dr. Renfro constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. Id. at 594.

Here, plaintiff argues that this matter should be remanded for further proceedings. (Pl.'s MSJ (ECF No. 14) at 12.) The court agrees.

////
////
////
////
////
////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 15) is denied;
3. The Commissioner's decision is reversed; and
4. This matter is remanded for further proceedings consistent with this order.

Dated: March 9, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\howell0879.ord